IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**THURMAN KIRKWOOD**                                                  **PETITIONER**

**v.**                                                        **No. 2:12CV2-MPM-DAS**

**RON KING, ET AL.**                                                 **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Thurman Kirkwood for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Kirkwood has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Thurman Kirkwood was convicted of burglary of a dwelling (Count I), felony fleeing (Count II), possession of a firearm by a convicted felon (Count III), and grand larceny (Count IV) in the Circuit Court of Coahoma County, Mississippi. State Court Record, ("S.C.R."), Vol. 1, pg. 9. Kirkwood was sentenced as a habitual offender to serve a term of twenty-five years on Count I, five years on Count II, ten years on Count III, and ten years on Count IV, all to be served in the custody of the Mississippi Department of Corrections without the possibility of parole. S.C.R., Vol. 1, pp. 12-23. The sentences on Counts I, II, and III were ordered to run consecutively to each other and a sentence previously imposed in Coahoma County Circuit Court Cause No. 2007-0105, while the sentence in Count IV was ordered to run concurrently with the sentences in Counts I, II, and III, as well as the sentence in Cause No. 2007-0105. S.C.R., Vol. 1, pp. 12-23.

Kirkwood appealed his convictions to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Petitioner through counsel):

| | |
|---|---|
| Issue One: | Whether the trial court erred when it allowed the prosecutor to submit the Appellant's prior felony convictions in spite of the Appellant's offer of a stipulation. |
| Issue Two: | Whether the trial court erred in failing to correctly apply Mississippi Rule of Evidence 609, including conducting a balancing test on the record and/or giving limiting instructions when the State improperly impeached the Appellant regarding this prior convictions during cross-examination, furthermore, whether the trial court erred in determining that the Appellant "opened the door" to such cross-examination by answering a question posed to him by the State. |
| Issue Three: | Whether the evidence was sufficient to support a conviction on grand larceny when there was no testimony or evidence as to the actual value of the item alleged to have been stolen. |
| Issue Four: | Whether the Appellant's conviction for grand larceny was against the overwhelming weight of the evidence when the only evidence presented by the State was a witness's testimony as to purchase price which was in no way anchored by a date and when, as shown in the exhibits, the vehicle in question was in an obvious shape of disrepair. |
| Issue Five: | Whether the trial court erred in denying the Appellant's circumstantial evidence jury instruction when it applied the improper method of analysis in concluding the direct evidence of the occurrence of a crime is the appropriate method of analysis, rather that direct evidence showing the guilt of the Appellant. |
| Issue Six: | Whether the trial court erred in overruling defense counsel's peremptory instruction when the State failed to provide sufficient evidence that the building in question was a dwelling house. |
| Issue Seven: | Whether any of the above errors concerning violation of the Appellant's fair trial rights may be considered harmless. |
| Issue Eight: | Whether cumulative error deprived the Appellant of his fundamental right to a fair trial. |

The Mississippi Court of Appeals affirmed Kirkwood's convictions and sentences. *Kirkwood v. State*, 53 So.3d 7 (Miss. App. 2010), *reh'g. denied* June 15, 2010 (Cause No. 2008-KA-01349-COA). The Mississippi Supreme Court then granted a writ of certiorari and reversed Kirkwood's convictions and

sentences on Counts I and IV because "there was no direct evidence that Kirkwood committed the crimes of burglary of a dwelling or grand larceny," and the trial court had denied a circumstantial evidence instruction. *Kirkwood v. State*, 52 So.3d 1184, 1187 (Miss. 2011). The Mississippi Supreme Court affirmed Kirkwood's convictions and sentences in Counts II and III.

Kirkwood then filed an application in the Mississippi Supreme Court seeking permission to proceed in the trial court with a petition for post-conviction collateral relief, raising the following grounds for relief, (as stated by Petitioner *pro se*):

> Issue One: Whether the evidence to support a conviction of possession of a firearm by a convicted felon was sufficient to convict.
>
> Issue Two: Whether the State proved that Kirkwood was an habitual offender beyond a reasonable doubt at the sentencing hearing the alleged document were not properly authenticated and Kirkwood's attorney was denied the opportunity to cross-examine a person of authority in which to authenticate said documents.
>
> Issue Three: Whether Kirkwood received effective assistance of counsel in various stages of his trial and sentencing.
>
>> A. Trial counsel failed to file meaningful motions at crucial phases of Kirkwood's trial.

Kirkwood then filed a supplemental brief to his petition for post-conviction collateral relief, raising the following additional grounds (summarized by the court):[1]

> 1. The trial court erred in denying Petitioner a continuance and refusing to appoint petitioner new counsel.
>
> 2. Petitioner's trial attorney was constitutionally ineffective in:

---

[1] In his supplemental brief, Kirkwood also raised the claim that the State had failed to adequately prove he was a habitual offender and that trial counsel had been deprived the right to cross-examine the individual who prepared the documents presented in support of his habitual offender status. As this is the same Issue Two in Kirkwood's original application for state post-conviction collateral relief, the court did not include while summarizing the grounds in the supplement to avoid confusion and duplication of issues to discuss.

- 3 -

A. Failing to communicate with Petitioner and adequately prepare a defense.

B. Failing to interview alibi witnesses.

C. Failing to object to inconsistent statements made by Officer Powe.

The Mississippi Supreme Court denied Kirkwood's application, holding:

> Kirkwood challenges the sufficiency of the evidence regarding his conviction of possession of a firearm by a convicted felon. He also claims that the state failed to prove his habitual offender status at sentencing. Both of these issues were capable of being raised at trial and/or on direct appeal, and they are now procedurally barred. Miss. Code Ann. §99-39-21(1). Notwithstanding the procedural bar, the issues are without merit. Kirkwood also raises several claims of ineffective assistance of counsel. Kirkwood was represented on appeal by counsel who did not represent him at trial. Accordingly, his claims of ineffective assistance of counsel are procedurally barred. M.R.A.P. 22(b). Notwithstanding the procedural bar, Kirkwood's ineffective assistance of counsel claims do not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). After due consideration, the panel finds Kirkwood's Application for Leave to Proceed in the Circuit Court, and his supplement thereto, should be denied.

In the instant petition, Kirkwood raises the following grounds for relief (summarized by the court):

Ground One: The evidence was insufficient to support a conviction for felon in possession of a firearm.

Ground Two: The evidence was insufficient to show that Kirkwood was a habitual offender.

Ground Three: Ineffective assistance of counsel:

A. Trial counsel violated Kirkwood's rights under the Confrontation Clause by failing to challenge the State's evidence.

B. Trial counsel refused to subpoena the individuals who actually committed the crimes.

C. Trial counsel should have objected to the State's failure to adequately prove that Kirkwood was a habitual offender.

Ground Four: The Mississippi Supreme Court's decision on post-conviction collateral review was erroneous and did not provide adequate reasoning.

**The Doctrines of Procedural Default and Procedural Bar**

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). This doctrine is known as *procedural bar*.

**Grounds Three (A) and (C): Procedural Default**

Kirkwood's allegations of ineffective assistance of counsel in Ground Three (A) and (C) have never been raised before the State's highest court. Kirkwood never raised the allegation that trial counsel failed to protect his Confrontation Clause rights and to challenge the adequacy of the State's proof that Kirkwood was a habitual offender on either direct appeal or during post-conviction proceedings. If a *habeas corpus* petitioner fails to raise allegations on either direct appeal or through a motion for post-conviction collateral relief, then he has waived his opportunity to have Mississippi's appellate courts review the claims on the merits. As such, Kirkwood has defaulted these claims; they cannot be raised in a federal *habeas corpus* proceeding, *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and they should be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640

(1991). When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally [defaulted and thus] barred from habeas review." *Sones, supra*, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Kirkwood has had both a direct appeal and post-conviction collateral review in Mississippi courts; as such, he no longer has an available state avenue through which to exhaust these allegations of ineffective assistance of counsel. Therefore, these federal *habeas corpus* claims must be dismissed as procedurally defaulted. In addition, as discussed below, these claims do not meet any of the criteria to overcome the default.

**Grounds One, Two, and Three (B): Procedural Bar**

On post-conviction collateral review, the Mississippi Supreme Court found Kirkwood's allegations in Grounds One, Two and Three (B) to be procedurally barred. The claims contained in Grounds One and Two were barred under Miss. Code Ann. § 99-39-21(1)[2], and the claim raised in Ground Three (B) was barred under Mississippi Rule of Appellate Procedure 22(b)[3]. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate

---

[2] Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objection, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

[3] Miss. R. App. P. 22(b) reads "Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record. Where the appellant is represented by counsel who did not represent the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings."

to support the judgment." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

The Mississippi Supreme Court held Grounds One and Two (alleging insufficient evidence to support his convictions) to be procedurally barred under Miss. Code Ann. § 99-39-21(1) (for failure to raise the issues at trial or on direct appeal) – and, alternatively, without merit. Similarly, the Mississippi Supreme Court found that Kirkwood's allegation of ineffective assistance of trial counsel, as raised in Ground Three (B) (failure to call witnesses), was procedurally barred under Miss. R. App. P. 22(b) – and alternatively without merit. Mississippi Code Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Rule 22(b) is also an independent state procedural bar, it operates in substantially the same way as Miss. Code Ann. § 99-39-21(1). The adequacy of the procedural bars applied in state court as to Kirkwood's claims depends on "whether Mississippi has strictly or regularly applied [them]." *Id.* (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, Kirkwood "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* He has not carried this burden because he has not shown "inconsistent and irregular" application of either bar. Kirkwood's federal claims in Grounds One, Two, and Three (B) are thus barred because the state court found that he defaulted those claims in accordance with independent and adequate state procedural rules. *Id.* at 861.

## Kirkwood Cannot Overcome Procedural Default or Procedural Bar

Whether a petitioner faces procedural default or procedural bar, the path to overcome it is the same: He must show cause for the default – and actual prejudice from its application. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To find the cause necessary to excuse procedural default or procedural bar, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of external factors constituting cause include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [Petitioner]." *McClesky v. Zant*, 499 U.S. 467 (1991). In addressing cause for procedural default *which may be attributed to attorney error*, the Supreme Court has held,

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

Even if a petitioner cannot meet the cause and prejudice standard, he may still overcome the procedural default or bar if he can show that a fundamental miscarriage of justice would result if the default or bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). To prove that a fundamental miscarriage of justice would occur, the petitioner must show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). The standard for establishing the "fundamental miscarriage of justice" exception is high. To do so, a petitioner must support his allegations with *new, reliable evidence*, that was not presented at trial, and

must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

### Kirkwood Has Shown No Legitimate Cause for His Default

To ensure that his claims of ineffective assistance of counsel would overcome the procedural bar applied as to Grounds One and Two of his petition (insufficiency of the evidence), on post-conviction collateral review, Kirkwood should have raised and exhausted the allegation that appellate counsel was ineffective in choosing not raise these two claims on direct appeal. *Edwards v. Carpenter*, 529 U.S. at 451-452. Kirkwood, however, chose not to challenge appellate counsel's performance in his *pro se* state court applications for post-conviction collateral relief. In addition, Kirkwood has not shown cause for his failure to allege that appellate counsel was deficient. As such, Kirkwood cannot rely on a claim of ineffective assistance of appellate counsel to overcome the procedural bar as to Grounds One and Two (insufficiency of the evidence). Neither did Kirkwood raise the issues in Grounds Three (A), (B), and (C) (ineffective assistance of trial counsel) on direct appeal, and he has not identified an external cause for his decision not to do so. In addition, during his pursuit of post-conviction relief, Kirkwood failed to challenge appellate counsel's decision not to raise the issues regarding ineffective assistance of trial counsel. As discussed above, these failures constitute procedural default and procedural bar, but Kirkwood has not demonstrated – or even alleged – what might be the cause for these failures. Thus, Kirkwood has neither shown cause for defaulting his claims in Grounds Three (A) and (C); nor has he shown cause why his claims in Grounds One, Two, and Three (B) should not be barred. In the absence of a showing of cause, the court need not discuss whether application of the default or bar would result in prejudice.

### Kirkwood Has Not Shown that a Fundamental Miscarriage of Justice Would Occur If the Default and Bar Are Applied.

The court's decision to decline consideration of Kirkwood's claims on the merits will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). Kirkwood has not set forth any new, reliable evidence – not available at trial – showing that it was "more likely than not that no reasonable juror would have convicted [Kirkwood] in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). On the contrary, Kirkwood's allegations in Grounds One and Two simply challenge the sufficiency of the evidence presented at trial and at sentencing. Likewise, his claims in Ground Three (A), (B), and (C) challenge the actions of trial counsel. The basis for these claims would have been apparent to Kirkwood at the time of trial and sentencing. Clearly the facts to support these claims were available at trial and thus do not meet the criteria to establish that a fundamental miscarriage of justice would result if the court declined to rule on the merits. Thus, Kirkwood cannot use the fundamental miscarriage of justice exception to overcome the doctrines of procedural default and procedural bar as to Grounds One, Two, and Three (A), (B), and (C).

### Ground Four: Failure of the Mississippi Supreme Court to Discuss the Merits of Kirkwood's Issues on Appeal and During Post-conviction Collateral Review

In Ground Four, Kirkwood argues that he "received an erroneous decision from the Miss. Supreme Court without explanation as to why his claims did not reach the level of merits to succeed." ECF doc. 3, pg. 23. Using the liberal construction for *pro se* pleadings required under *Haines v. Kerner*, 404 U.S. 519 (1972), the court interprets this as an allegation that the Mississippi Supreme Court's decision on post-conviction collateral review was not a decision on the merits for the purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). However, in order to satisfy the

AEDPA's requirement that there be a decision on the merits, a state court need not explain the reasoning behind a summary order denying relief. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). The Supreme Court held:

> There is no text in the statute [28 U.S.C. §2254] requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S,Ct. at 784. Indeed, a state court is not required to cite or even know the relevant Supreme Court cases under 28 U.S.C. §2254(d) in order to be entitled to deference. *Id.* On the contrary, even when a state court's decision is summary in nature, a petitioner seeking *habeas corpus* relief still bears the burden to demonstrate that there was no reasonable basis for the decision. *Id.* Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S.Ct. at 784-785. Therefore, the Mississippi Supreme Court's denial of Kirkwood's state court motion for post-conviction collateral relief, was a decision on the merits for the purposes of the AEDPA, and this court has given the decision proper deference. Therefore, Kirkwood's claims for relief in Ground Four of the instant petition are without merit and will be denied.

## Conclusion

In sum, Grounds One, Two, and Three (B) will be dismissed as procedurally barred. In addition, Grounds Three (A), and Three (C) will be dismissed as procedurally defaulted, and

Ground Four will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of August, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**
